FILED
12-15-2020
Clerk of Circuit Court
Polk County, Wisconsin
2020CV000298
Honorable Jeffery L. Anderson
Branch 2

| | | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | POLK COUNTY |

Tom Magnafici
744 200th Street
Dresser, WI 54009,

          Plaintiff,

v.

Town of Osceola,
516 East Avenue North
P.O. Box 216
Dresser, WI 54009,

          Defendant.

Case No. _____
Case Code 30106, 30703
Case Type:  Intentional Tort
Unclassified

_____

**SUMMONS**

_____

THE STATE OF WISCONSIN

TO EACH DEFENDANT NAMED ABOVE:

     You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

     Within twenty (20) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, at the courthouse for the county named above, and to Trepanier MacGillis Battina, 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, Minnesota 55415. You may have an attorney help you or represent you.

     If you do not provide a proper answer within 20 days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizures of property.

1

**EXHIBIT A**

Dated: December 15, 2020　　　　**TREPANIER MACGILLIS BATTINA P.A.**

By: /s/ Gregory M. Miller
_____
　　Gregory M. Miller, Atty. Reg. No. 1067368
　　　*gmiller@trepanierlaw.com*
　　8000 Flour Exchange Building
　　310 Fourth Avenue South
　　Minneapolis, MN  55415
　　Phone:  612.455.0500
　　Fax:  612.455.0501
　　www.trepanierlaw.com

**ATTORNEYS FOR PLAINTIFF TOM MAGNAFICI**

Case 2020CV000298 Document 3 Filed 12-15-2020

**FILED**
**12-15-2020**
**Clerk of Circuit Court**
**Polk County, Wisconsin**
**2020CV000298**
**Honorable Jeffery L. Anderson**
**Branch 2**

STATE OF WISCONSIN        CIRCUIT COURT        POLK COUNTY

Tom Magnafici
744 200th Street
Dresser, WI 54009,

         Plaintiff,

v.

Town of Osceola,
516 East Avenue North
P.O. Box 216
Dresser, WI 54009,

         Defendant.

Case No. _____
Case Code 30106, 30703
Case Type: Intentional Tort Unclassified

_____

### COMPLAINT
_____

COMES NOW Plaintiff Tom Magnafici (**"Plaintiff"**), by his attorney, Gregory M. Miller of Trepanier MacGillis Battina P.A., as and for his Complaint against the Defendant, the Town of Osceola (**"the Town"** or **"Defendant"**), states and alleges as follows:

### PARTIES

1. Plaintiff is natural person and resident of Polk County, Wisconsin, residing at 744 200th Street, Dresser, Wisconsin 54009.

2. Defendant is a political corporation or other body politic located in Polk County, Wisconsin, having offices at 516 East Avenue North, P.O. Box 216, Dresser, Wisconsin 54009.

### JURISDICTION AND VENUE

3. Jurisdiction and venue are proper under Wis. Stat. §§ 801.50(2)(a) and 801.50(3).

1

**FACTUAL ALLEGATIONS**

4. Plaintiff reallages and reincorporates all of the allegations contained in the preceding paragraphs as fully set forth herein.

5. Plaintiff has sought, in good faith, to be an active participant in, and observer of, local governmental affairs and proceedings, including those affairs and proceedings of Defendant.

6. In March, 2020, Plaintiff sent an open records request to Defendant in the form of written correspondence (**"the Request"**).

7. The impetus of the Request lies in potential impropriety on the part of local government officials. Plaintiff has various concerns as to the management and operations of the Township, including, but not limited to, concerns that the Town Clerk Lorraine Rugroden's salary is or was unreasonably high in light of the salaries of other comparable clerks of adjoining townships.

8. Plaintiff suspected, upon information and belief, that Town Clerk Rugroden's unusually high salary may be a result of her close personal relationship with Osceola Town Chairman Doug Schmidt (**"Chairman Schmidt"**).

9. On March 3, 2020, Chairman Schmidt corresponded via e-mail with Lara Carlson, Legal Counsel for the Wisconsin Towns Association (**"WTA"**) regarding the propriety and substance of the Request.

10. On or about March 16, 2020 Plaintiff received correspondence from Osceola Town Attorney Katherine R. Munkittrick (**"Attorney Munkittrick"**), asking for clarification as

to the scope of Plaintiff's open records request.

11. On March 16, 2020, Plaintiff sent written correspondence to Attorney Munkittrick, clarifying that the Request asked for disclosure of all e-mails between the clerk, chairman, and planning commission members of the town of Osceola for the year 2019 (**"the Records"**).

12. Between March 23-24, 2020, Defendant's agents exchanged e-mail correspondence with various agents of the WTA, asking for procedural clarification on open record law compliance. In this exchange, WTA Legal Counsel Joe Ruth advised Defendant that they would likely have to comply with Plaintiff's request, but that they could ask for further clarification on the request and charge Plaintiff for the actual cost of any reproduction, as well as for the cost of locating the records if such a locating cost were $50.00 or greater.

13. The Township responding by requiring payment of $612.07 for complying with the freedom of information act request. Upon being informed of the retrieval charges, Plaintiff expressed concern as to their propriety as a significant impediment to citizens being able to access township information.

14. In April 2020, Easy I.T. Guys, a Computer Repair and Technology Solutions company was contracted for assistance in fulfillment of the Request to save the Township costs.

15. Easy I.T. Guys' employees were provided access to only certain of the Township computers and discovered that many of the e-mails Defendant requested had been recently deleted by Defendant's town chair Doug Schmidt and board member Brandon

3

Wittaker.

16. Plaintiff's concerns were not assuaged by Defendant. Rather, Defendant abruptly refused to discuss the particulars of the bill, refusing to honor the information request and two members of planning commission, Bob Wright and Amy Middleton stated that Plaintiff could instead sue Defendant for access to the requested Township email accounts.

17. Upon information and belief, Defendant has made no other attempt to comply with the Request except the partial production, and/or provide e-mails that were sent or received by planning and/or zoning employees.

18. Throughout late 2019 and into 2020, Plaintiff endeavored to actively participate in local governmental affairs by attending various public meetings.

19. Plaintiff is disabled, insofar as he is hearing impaired and thus substantially limited in his daily activities.

20. Upon information and belief, Defendant contracted with a company called Bitworks from Taylors Falls, Wisconsin, for the purchase of headphones to be used in the town meeting room (**"the Headphones"**).

21. The headphones did not function properly and did not significantly aid Plaintiff's hearing. Whereupon Defendant again contacted Bitworks to repair the Headphones. The cost for these services was less than $300.00.

22. Upon information and belief, Bitworks had informed board members that the earphones would not function for the purpose requested prior to the Township purchasing the same.

4

23. Chairman Schmidt refused to allow for payment to Bitworks for services rendered, on the alleged basis that they "hadn't done anything", as the headphones still did not function properly.

24. More than six months after the events described in above, Bitworks retained an attorney to secure payment for the services rendered.

25. Chairman Schmidt remained adamant that the bill for Bitworks' services not be paid, and that he would "take care of it", and that the bill not be submitted to the town board.

26. Upon reasonable information and belief, Town Board Supervisor Brandon Whittaker learned of the issue surrounding the bill and confronted Chairman Schmidt over the issue at a town board meeting. Chairman Schmidt responded by stating incorrectly to the town board that the board had reviewed the bill several times.

27. To date, the Headphones still do not work, and Defendant has not provided Plaintiff with any accommodation for his disability as required. The failure of Defendant to provide Plaintiff a reasonably effective set of headphones has severely limited Plaintiff's ability to listen to and participate in the proceedings at public meetings.

28. At the Osceola Annual Town Meeting on May 19, 2020 (the **"Annual Town Meeting"**), Chairman Schmidt attempted to prevent discussion over the issue of town board member salaries for the years 2021-2023.

29. At the Annual Town Meeting, wherein township residents are allowed to fully participate in the hearing and motions and vote on matters affecting the town, Plaintiff motioned for the abolition of the Town Planning Commission, a motion which was seconded

5

by Bernie Desmaris.

30. The motion resulted in lengthy discussion, a second motion from Plaintiff for the abolition of the Town Planning Commission (the **"Motion"**), and a successful vote in favor of abolition of the Planning Commission. Thirty-two (32) attendees at the Annual Town Meeting voted in favor of the Motion, five (5) attendees voted against the Motion, and five (5) abstained.  The Motion, upon passage by affirmative vote of the attendees of the Annual Town Meeting, was then required to have been approved by the Board and established as township law by precedent and agreement.

31. On May 20, 2020, Chairman Schmidt corresponded via email with WTA's various agents regarding the propriety of the Motion.

32. Attorney Lara Carlson responded, opining that town electorate have limited powers over town issues as outlined in Wis. Stat. § 60.10, and that any motion and vote taken regarding the Planning Commission was "entirely advisory" and without binding effect on the Osceola Town Board.  Nothing to this effect was ever disclosed to Plaintiff or any other electors present at the Annual Town Meeting.  This opinion is a direct odds as to the township's representations, historical, and established practices.  Ms. Carlson's letter specifically stated that it was not to be taken as legal advice.

33. Upon information and belief, for the foregoing reasons, Chairman Schmidt harbors substantial animosity toward Plaintiff.

34. At the Annual Town Meeting and other similar public meetings, Chairman Schmidt and various other agents of Defendant appear to deliberately avoid speaking directly into the singular microphone placed in front of the board's large table, in an

6

apparent effort to prevent Plaintiff from participating in such public meetings due to his hearing disability.

35. Defendant has refused to install additional microphones or speakers to aid in the audience to hear speakers or those presenting before the Board. Every board member remains several feet away from the singular microphone.

36. Plaintiff has inquired several times as to the status of his hearing accommodation, to which Chairman Schmidt has brazenly responded that Plaintiff should "try harder to hear better".

37. Through the actions of Chairman Schmidt and others, Defendant has prevented resolution of the issue surrounding the headphones in an effort to thwart Plaintiff's participation in local government affairs.

38. Plaintiff has suffered ridicule, embarrassment, and great frustration as a result of Defendant's conduct. Rather than provide basic and inexpensive hearing equipment or improve the sound system so that all members of the public can participate in public meetings, Plaintiff was instead singled out as Defendant's representatives offered him a chair to sit up front, apart from the rest of the public in attendance at the meeting, in order to humiliate him and prevent him from conversing with other attendees of meetings.

39. Without an aid, Plaintiff cannot and will not be able to participate in local governmental affairs, as is his right under the color of law.

40. Defendants have intentionally violated Plaintiff's rights granted under state and federal laws.

**CAUSES OF ACTION**

7

## COUNT I: Failure to Preserve Public Records and
## Failure to Fully Respond to Open Records Request

41. Plaintiff realleges and reincorporates all of the allegations contained in the preceding paragraphs as fully set forth herein.

42. State law mandates the lawful preservation of records. Wis. Stat. § 19.21.

43. Under Wis. Stat. § 19.21, each and every of Defendant's officers is a "legal custodian" of records".

44. The e-mails subject to the Request are "records" within the definition of Wis. Stat. § 19.32.

45. Upon information and belief, Defendant has promulgated no record retention schedule of its own by way of ordinance.

46. Upon information and belief, under Polk County Ordinance 70-02 Sub.V, correspondence is to be preserved and retained for at least three (3) years.

47. Upon information and belief, by prematurely deleting e-mail correspondence between its agents, Defendant has failed to adequately preserve records under state law.

48. Defendant's failure to preserve records has resulted in the costs of fulfillment of the Request being unduly burdensome and needlessly expensive.

49. Defendant's failure to preserve records and fully respond to the Request has caused Plaintiff to sustain damages, incur attorney's fees and costs of court in pursuing the Request, in excess of $50,000.00 to be proven with specificity at trial.

## COUNT II: Violations of the Americans with Disabilities Act ("ADA")

50. Plaintiff reallages and reincorporates all of the allegations contained in the

8

preceding paragraphs as fully set forth herein.

51. Plaintiff is a qualified individual with a disability, within the meaning of the ADA, 42. U.S.C.§§ 12102 and 12131(2) and 28 C.F.R §§ 35.104. Plaintiff is also a disabled veteran under the definition promulgated by the Veteran's Administration.

52. Defendant is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104.

53. Defendant's actions described above:

    a. Constitute discrimination in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. Part 35;

    b. Exclude individuals with disabilities from participation in and deny them the benefits of the services, programs, or activities of a public entity on the basis of disability, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. Part 35;

    c. Afford qualified individuals with disabilities an opportunity to participate in or benefit from the services of a public entity that are not equal to those afforded others, in violation of Title II of the ADA, 42 U.S.C. § 12131 and 28 C.F.R. § 35.130(b)(1)(ii);

    d. Otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage or opportunity enjoyed by others receiving the aid, benefit, or service, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its

9

    implementing regulation, 28 C.F.R. § 35.130(b)(1)(vii);

  e. Fail to make reasonable modifications in policies, practices or procedures necessary to avoid discrimination on the basis of disability, in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(b)(7); and

  f. Utilize methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability, in violation of Title II of the ADA, 42 U.S.C. § 12131, and its implementing regulation, 28 C.F.R. § 35.130(b)(3).

54. Defendant has acted intentionally, willfully, and in disregard for the right of others, including Plaintiff.

55. Defendant's actions, or inactions, have caused Plaintiff to sustain damages and incur attorney's fees and costs of court in excess of $50,000.00 to be proven with specificity at trial.

### COUNT III: Intentional Infliction of Emotional Distress

56. Plaintiff realleges and reincorporates all of the allegations contained in the preceding paragraphs as fully set forth herein.

57. Through its officers and agents, Defendant has belittled and insulted Plaintiff, in an effort to dissuade Plaintiff from participating in local governmental affairs.

58. Defendant's officers and agents have directed various sleights at

10

Plaintiff, both privately and in a public forum, mocking Plaintiff's disability, and refusing to accommodate Plaintiff's disability by suggesting Plaintiff should "try harder to hear better", among other things.

59. Defendant's officers and agents have taken actions, including but not limited to their deliberate refusal to speak into microphones during public meetings where Plaintiff is present, in an effort to publicly embarrass Plaintiff and/or deny Plaintiff's right to participate in public meetings.

60. As a result of the capricious conduct of Defendant's officers and agents, Plaintiff has suffered severe emotional distress including suffering, anxiety, public humiliation, and shame.

61. Plaintiff has been damaged in an amount to be determined with greater certainty at the trial of this matter but believed to exceed $50,000.00.

### COUNT IV: Civil Conspiracy

62. Plaintiff realleges and reincorporates all of the allegations contained in the preceding paragraphs as fully set forth herein.

63. Upon reasonable information and belief, Defendant's officers and agents entered into agreement, under which they agreed to willingly or knowingly violate Plaintiff's rights under the ADA.

64. The acts of Defendants' officers and agents were in furtherance of a conspiracy to violate a legal duty owed to Plaintiff and all others similarly situated.

65. As a proximate result of the wrongful acts of Defendant's officers and agents, Plaintiff has been damaged in an amount to be determined with greater

11

certainty at the trial of this matter but believed to exceed $50,000.00.

**Prayer For Relief:**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment declaring that Defendant's actions violate Wis. Stat. § 19.21;

B. Enter judgment declaring that the Defendant's actions violate the Americans with Disabilities Act, as amended, and it's implementing regulations;

C. Order the Defendant to take all affirmative steps to ensure its compliance with the Americans with Disabilities Act, including steps necessary to prevent the reoccurrence of any discriminatory conduct in the future and to eliminate to the extent practicable the effects of its unlawful practices as described herein;

D. Award monetary damages pursuant to the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulations, 28 C.F.R. Part 35, to all aggrieved persons, including Plaintiff;

E. Award Plaintiff's costs and fees for the prosecution of this action, including reasonable attorney's fees and cost of court; and

F. Award other such relief as the court determines to be fair and equitable.

Dated: December 15, 2020      **TREPANIER MACGILLIS BATTINA P.A.**

By: /s/ Gregory M. Miller
_____
Gregory M. Miller, Atty. Reg. No. 1067368
gmiller@trepanierlaw.com
8000 Flour Exchange Building
310 Fourth Avenue South
Minneapolis, MN 55415
Phone: 612.455.0500
Fax: 612.455.0501
**ATTORNEYS FOR PLAINTIFF TOM MAGNAFICI**